UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 95-cr-06116-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID OMAR SARRAULTE,

    Defendant.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon the Defendant David Omar Sarraulte's ("Defendant") Motion for Modification of Sentence Pursuant to 18 U.S.C. 3582(c)(2) ("Motion"), ECF No. [98].[1] The Court has reviewed the Motion, the supporting and opposing briefs, the record and applicable law and is otherwise fully advised.

## I.  BACKGROUND

In 1996, the Defendant was convicted by a jury of two counts in the Indictment: Count One, Possession with Intent to Distribute Crack Cocaine in violation of 21 USC § 841 (a)(1) and Count Two, Possession of a Firearm by Convicted Felon in violation of 18 USC §§ 922(g)(1) and 924 (e)(1). ECF No. [39]. Prior to trial, the Government filed a Notice of Sentencing Enhancement pursuant to 21 USC § 841 and 21 U.S.C. § 851. ECF No. [33]. The Government also filed a Notice of Sentencing Enhancement pursuant to 8 U.S.C. § 924(e)(1). ECF No. [34]. As required and confirmed by the calculation of the sentencing guidelines in effect at the time the Defendant was

---

[1] Also before the Court is the Defendant's Motion to Amend his First Step Act Motion, ECF No. [101] ("Motion to Amend"). No objections have been filed relating to the Defendant's Motion to Amend. Accordingly, the Defendant's Motion to Amend is granted. There is no need for the Defendant to refile his First Step Act Motion with the omitted details provided in the motion, as the Court will consider them in its consideration of the instant Motion.

sentenced, a sentence of life imprisonment was mandated by the § 851 enhancement. The Defendant has now filed the instant Motion, arguing that he is eligible for a sentence reduction pursuant to the First Step Act of 2018 ("First Step Act").  ECF No. [98].

## II.    DISCUSSION

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") was passed to reduce the disparity in treatment of cocaine base and powder cocaine offenses. *See Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging disparity).  However, the Fair Sentencing Act was not made retroactively applicable until passage of the First Step Act.  The First Step Act was passed into law on December 21, 2018.  Section 404(b) of the First Step Act expressly permits the Court to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, 132 Stat. 5194.  Thus, the changes in the statutory penalties under 21 U.S.C. § 841(b)(1)(A) and (B) apply retroactively to a sentence rendered prior to the effective date of the Fair Sentencing Act—August 3, 2010.  Under the First Step Act, the authority to reduce a sentence applies only to (1) federal crack cocaine offenses, (2) committed before August 3, 2010, (3) for which the Fair Sentencing Act modified the statutory range.

In the initial *pro se* Motion, the Defendant argued that if sentenced today, he would be subject to a guideline range of 262-327 months imprisonment.  ECF No. [98], at 7.  The Government filed its Response to the Defendant's Motion, ECF No. [99], and concedes that the Defendant is eligible for a reduction pursuant to the First Step Act.  *Id.* at 2.  The Government, however, contends that given the enhancements that would apply, the Defendant would be subject to a sentencing guideline range of 360-months to life imprisonment. *Id.* On March 4, 2019, the Court appointed the Federal Public Defender to represent the Defendant in the instant proceedings.

ECF No. [102]. In the Response filed by the Federal Public Defender, defense counsel represents that the Defendant would be subject to a sentencing guideline range of 360-months to life imprisonment. ECF No. [104], at 7 ("Since he was a career offender, his base offense level for the crack conviction would have been 37, and combined with a criminal history category of VI, his guideline range would be 360 months-Life."). All parties agree that the crack cocaine offense for which the Defendant was convicted involved 88 grams of crack cocaine. ECF No. [98], at 4; ECF No. [99], at 2; ECF No. [104], at 6-7. Further, all parties also agree that the Defendant is subject to a career criminal enhancement. ECF No. [98], at 3; ECF No. [99], at 2; ECF No. [104], at 7.

After a review of the record and the parties' briefing, if sentenced today, an offense involving 88 grams of crack cocaine would carry a mandatory/minimum sentencing period of five years to forty years imprisonment. *See* 21 U.S.C. § 841(b)(1)(iii). However, because the career offender sentencing enhancement also applies, the statutory guidelines would be driven up to 10-years to life imprisonment. *Id.* Given the Defendant's status as a criminal offender and the weight of the crack cocaine involved, his total offense level would be a 37 with a criminal history of VI. Accordingly, the Court agrees with the Government and the Federal Public Defender that if sentenced today, the Defendant would be subject to a statutory range of 360 months to life imprisonment.

Relief granted pursuant to the First Step Act is discretionary. *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary."). In its Response to the Defendant's Motion, while the Government agrees that the Defendant is eligible for a reduction of his sentence under the First Step Act, the Government argues that the Court should exercise its discretion and not grant the requested relief. *Id.* at 3. The Government's argument is two-fold. First, the Government

argues that a reduction should not be granted because the offense for which the Defendant was convicted at trial resulted from the Defendant violating the order of another Court. ECF No. [99], at 4. Second, the Government argues that the Court should exercise its discretion to not grant the relief sought because in deciding whether a sentence reduction is warranted, a court may also consider a defendant's post-sentencing conduct. *Id.* at 5. Specifically, the Government argues that the Defendant's history of discipline on 36 separate occasions following his sentencing evidences that he poses a further danger to the public. *Id.* These violations apparently include: spitting blood on a staff member; repeated possessions of drugs and alcohol; engaging in sexual acts; possessing a dangerous tool; counterfeiting/forging documents; possession of gambling paraphernalia; possession of a broken razor; and possession of 15 balloons with drugs inside. *Id.* The Defendant responds that he should be afforded a hearing should the Court endeavor to consider his Bureau of Prison's disciplinary record in deciding whether a reduction of his sentence under the First Step Act is warranted. ECF No. [108], at 5. The Defendant, like the Government, argues that the Court should consider all of the relevant factors in imposing a new sentence pursuant to the updated guidelines.

The Court agrees with the Defendant that a hearing to properly consider all relevant factors pursuant to 18 U.S.C. § 3553(a) is warranted. To the extent that the Government intends to use the Defendant's disciplinary record with the Bureau of Prisons to support its claim that the Defendant should not be afforded a sentence reduction pursuant to the First Step Act, the Court would require that it file such records for the Court's consideration. The Court will also set a hearing to consider all relevant factors pursuant to § 3553(a), in determining whether a reduction of the Defendant's original sentence is warranted.

Case No. 95-cr-06116-BLOOM

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [98]**, is **GRANTED**.

2. The Motion to Amend, **ECF No. [101]**, is **GRANTED**.

3. The Government shall file the Bureau of Prison's disciplinary record for the Court's consideration *no later than October 10, 2019*.

4. The Federal Public Defender shall file all pertinent materials for the Court's consideration *no later than October 10, 2019.*

5. This matter is set for a hearing on **October 24, 2019, at 10:00 a.m.**, for the Court to determine whether, and by how much, to reduce Defendant's sentence after consideration of all relevant factors pursuant to 18 U.S.C. § 3553(a).

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 10, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record