**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 95-cr-06116-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID OMAR SARRAULTE,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court following the Court's granting of Defendant David Omar Sarraulte's ("Defendant") Motion for Reduction of Sentence pursuant to the First Step Act ("Motion"), ECF No. [98]. *See* ECF No. [112] ("Order"). In the Order, the Court scheduled a hearing to properly consider the relevant factors for sentencing pursuant to 18 U.S.C. §3553(a). That hearing was held on February 21, 2020, ECF No. [122], and supplemental briefings were submitted. The Court has considered the testimony and evidence presented, the supplemental briefings and other filings, see ECF Nos. [123], [124] and [125], the record and applicable law and is otherwise fully advised.

    **I.**    **BACKGROUND**

In 1996, Defendant was convicted by a jury of two counts in the Indictment: Count One, Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C § 841 (a)(1) and Count Two, Possession of a Firearm by Convicted Felon in violation of 18 U.S.C §§ 922(g)(1) and 924(e)(1). ECF No. [39]. Prior to trial, the Government filed a Notice of Sentencing Enhancement pursuant to 21 U.S.C § 841 and 21 U.S.C. § 851. ECF No. [33]. The Government also filed a Notice of Sentencing Enhancement pursuant to 8 U.S.C. § 924(e)(1). ECF No. [34]. As required

and confirmed by the calculation of the sentencing guidelines in effect at the time Defendant was sentenced, a sentence of life imprisonment was mandated by the § 851 enhancement. The Court subsequently granted the Defendant's Motion, ECF No. [98], finding that he is eligible for a sentence reduction pursuant to the First Step Act of 2018 ("First Step Act").

In the Order, the Court concluded that "if sentenced today, the Defendant would be subject to a statutory range of 360 months to life imprisonment." ECF No [112] at 3.[1] The Government argued that although the Court has discretion to reduce Defendant's sentence, it should not reduce Defendant's sentence, in part, because of his post-conviction conduct. *See id.* at 3-4. Specifically, the Government argued that Defendant's history of discipline in prison on over 36 separate occasions evidenced that he poses a danger to the public. *See* ECF No. [99] at 5. These violations apparently included: spitting blood on a staff member; repeated possessions of drugs and alcohol; engaging in sexual acts; possessing a dangerous tool; counterfeiting/forging documents; possession of gambling paraphernalia; possession of a broken razor; and possession of 15 balloons with drugs inside. *See id.* Defendant responded that he should be afforded a hearing to aid the Court in determining whether a reduction in his sentence is warranted. *See* ECF No. [108] at 5. The Court agreed that a "hearing to properly consider all relevant factors pursuant to 18 U.S.C.

---

[1] In the initial *pro se* Motion, Defendant argued that if he was sentenced today, he would be subject to a guideline range of 262-327 months imprisonment. *See* ECF No. [98] at 4. However, after the Federal Public Defender was appointed, the parties agreed that Defendant is entitled to a reduced sentence within the range of 360 months to life. *Compare* ECF No. [99] at 3 ("[T]he Court in its discretion may reduce the defendant's sentence on Counts 1 and 2 from life to anywhere between 360 months and life.") *with* ECF No. [104] at 7 ("Since he was a career offender, his base offense level for the crack conviction would have been 37, and combined with a criminal history category of VI, his guideline range would be 360 months-Life."). Both parties agreed that the crack cocaine offense for which Defendant was convicted involved 88 grams of crack cocaine. *See* ECF No. [112] at 3 (citing ECF Nos. [98] at 4, [99] at 2, and [104] at 6-7). Further, all parties agreed that Defendant is subject to a career criminal enhancement. *See* ECF No. [112] at 3 (ECF Nos. [98] at 3, [99] at 2, and [104] at 7).

§ 3553(a) is warranted," and the Court conducted the hearing on February 21, 2020. ECF No. [122].

## II.  ARGUMENTS

Defendant presented argument at the hearing that the Fair Sentencing Act of 2010 ("Fair Sentencing Act") incorporates the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which requires that the drug type and amount be charged in the indictment and found by a jury beyond a reasonable doubt. According to Defendant, the indictment and the jury verdict specified the drug type -- crack cocaine -- but failed to charge an amount. *See* ECF No. [123] at 1-2. Defendant, thus, posits that the statutory maximum for his drug offense is 30 years imprisonment under *Apprendi*, and that his guideline range is 262 to 327 months. *See id.* at 2, 4, 6. Defendant adds that "if the Court here agrees that pursuant to Section 404, Mr. Sarraulte's sentence for his crack cocaine offense should be reduced to reflect the lowered statutory penalties of the Fair Sentencing Act, then this Court is likewise authorized, under the sentencing package doctrine, to also similarly reduce Mr. Sarraulte's sentence for his firearm offense." *Id.* at 8. Therefore, Defendant seeks a resentence in the range of 262 to 327 months imprisonment followed by 6 years supervised release. *Id.*

The Government responds that *Apprendi* does not apply, his sentencing range remains the same as in his original sentencing in 1996 of 360 months to life imprisonment, and that in light of Defendant's post-sentencing conduct, he remains a danger to society such that the Court should exercise its discretion and deny Defendant a sentencing reduction. *See* ECF No. [125] at 2. The Government attaches Defendant's updated disciplinary record, ECF No. [125-1], and characterizes Defendant as a recidivist and nonconformist because he has been disciplined on 40 separate occasions since he was sentenced. *See* ECF No. [125] at 14-15. In the Government's view, a

"variation of a maxim is applicable regarding the resolution of this motion pertaining to the application of the factors within 18 U.S.C. § 3553(a): we must learn from the defendant's past or risk the past repeating itself in the future." *Id.* at 17.

### III.   DISCUSSION

Resolving the parties' dispute involves two overarching issues. The first is whether *Apprendi* applies, and if so, the potential sentencing range applicable. The second is whether Defendant's sentence should be reduced, and if so, what sentence is appropriate. The Court will address these issues in turn.

#### A.   The applicable sentencing range

Upon review and consideration, the Court disagrees with Defendant that *Apprendi* applies and that the available sentencing range is between 262 to 327 months imprisonment. The Court has already determined—in agreement with the Government and the Federal Public Defender's prior filings—that "if sentenced today, the Defendant would be subject to a statutory range of 360 months to life imprisonment." ECF No. [112] at 3.[2] The Court sees no reason to disturb this conclusion.

As an initial matter, the Eleventh Circuit has not squarely "addressed whether and to what extent *Alleyne* and *Apprendi* apply to cases involving motions for reduction of sentences under § 404 of the First Step Act." *United States v. Wyatt*, 798 F. App'x 595, 597 (11th Cir. 2020). This Court, nonetheless, has previously held that "*Apprendi* is inapplicable" and "reliance on *Apprendi* and its progeny is misplaced" in a First Step Act matter. *See United States v. Bolden*, No. 04-CR-80111, 2019 WL 2515005, at *2 (S.D. Fla. June 18, 2019) (denying motion for application of the

---

[2] In July 1996, Defendant was sentenced to life imprisonment on each count to run concurrently with each other and consecutively to the sentence imposed in another case, Case No. 93-3-MAC-001 (M.D. Ga.). *See* ECF No. [61].

First Step Act, rejecting argument that defendant's "statutory range cannot be increased based on a judge-found drug quantity that was not proven beyond a reasonable doubt or admitted during [his] guilty plea," and noting that "§ 3582(c) provides the procedural vehicle through which this Court may modify Defendant's sentence")).

The Court further agrees with the analyses from other courts in this district that have similarly concluded that *Apprendi* does not apply in First Step Act proceedings. *See, e.g.*, *United States v. Glover*, 377 F. Supp. 3d 1346 (S.D. Fla. 2019) ("[A]lthough the Eleventh Circuit has apparently not ruled on the application of *Apprendi* under Section 3582(c)(1)(B), it has squarely held, albeit in an unpublished opinion, that a defendant who is entitled to a sentence reduction under Section 3582(c)(2) is *not* entitled to be resentenced in accordance with *Apprendi*.") (citing *United States v. Cherry*, 326 F. App'x 523, 527 (11th Cir. 2009) ("*Apprendi* is not retroactively applicable. A § 3582(c) motion to reduce a sentence does not provide the basis for *de novo* resentencing. A district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether to reduce a defendant's sentence.")); *United States v. Perez*, No. 0:97-CR-00509, 2020 WL 804267, at *2 (S.D. Fla. Feb. 18, 2020) ("After reviewing the latest First Step Act landscape, the Court finds that . . . [Defendant's] argument that *Apprendi* reduces his sentence is unfounded" because "*Apprendi* is not retroactive in First Step Act determinations.") (citing *United States v. Means*, 787 F. App'x 999, 1001 (11th Cir. 2019) and *United States v. Carter*, 792 F. App'x 660, 663-64 (11th Cir. 2019)); *United States v. Washington*, No. 0:95-CR-06047, 2019 WL 2410078, at *1-2 (S.D. Fla. June 7, 2019) (rejecting argument that *Apprendi* applied to reduce sentence and explaining that "[n]othing within the First Step Act permits a court to consider extraneous constitutional issues such as Defendant's challenge under *Alleyne* and *Apprendi*").

Accordingly, the Court rejects Defendant's arguments that *Apprendi* applies, his statutory maximum sentence is 30 years, and that the applicable sentencing range is 262 to 327 months imprisonment. Instead, the Court concludes, and as the parties both previously agreed and argued in their briefings, that Defendant's sentencing range under the First Step Act and Fair Sentencing Act is 360 months to life.

### B. The appropriate sentence

Having concluded that Defendant is eligible for a sentence reduction under the First Step Act and that his advisory sentencing guideline range would be 360 months to life, the Court agrees with Defendant that the record supports reducing his sentence. In this regard, the Court has considered the parties' arguments, Defendant's certificates of completion, ECF No. [124], and Defendant's BOP disciplinary record, ECF Nos. [114-1], [114-2], and [125-1].

The Government acknowledges that under § 404(c) of the First Step Act, "the district court has the discretion whether to modify Sarraulte's sentence within this new statutory range, while considering his advisory Sentencing Guidelines range and other appropriate statutory sentencing factors set forth in 18 U.S.C. § 3553(a), such as to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant[.]" ECF No. [125] at 7.

The 3553(a) factors direct a court to "impose a sentence sufficient, but not greater than necessary, to comply with the" purposes of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from further crimes of the defendant, and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). At the time of sentencing, the nature and circumstances of the offenses, the history and characteristics of the offender, along with the need to ensure adequate punishment, deterrence, and community

protection, and the kinds of sentences available warranted Defendant's life imprisonment sentences. He has since served more than 24 years in prison, is over 57 years old, and Defendant represents that he is wheelchair bound. ECF No. [98]. *See United States v. Davis*, No. 4:92CR4013-WS, 2019 WL 7498753, at *5 (N.D. Fla. Mar. 6, 2019) (noting that defendant is "now fifty-one years old, an age at which recidivism rates decline substantially," and explaining that the Sentencing Commission has found that "'age is generally a strong factor influencing the likelihood of committing a crime,' with 'older offenders . . . substantially less likely than younger offenders to recidivate following release'") (citation omitted).

Evidence of rehabilitation is an appropriate consideration for the Court. During this time in prison, he has completed various courses and programs offered to him, *see* ECF Nos. [98] and [124], and he has expressed remorse to the Court and others for his conduct and "the many bad choices and decisions in his past life that le[d] him to commit the crimes in society in general." ECF No. [98] at 6. Further, he has accepted responsibility for his actions, including the distribution of drugs, which he characterizes as having "had a perniciously destructive impact on the community." *See id.* At the same time, the Court is mindful of Defendant's post-sentencing conduct, which "sheds light on the likelihood that [Defendant] will engage in future criminal conduct, a central factor that district courts must assess when imposing [a] sentence." *Pepper v. United States*, 562 U.S. 476, 492 (2011). *See also United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) ("After recalculating the guidelines, the district court next must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction.").

This record includes 40 disciplinary violations, including spitting blood on a staff member, repeated possession of drugs and alcohol, engaging in sexual acts, possessing a dangerous tool, counterfeiting/forging documents, possessing gambling paraphernalia, possessing a broken razor, and possessing 15 balloons with drugs inside. *See* ECF No. [114-2]. Within the last three years, he has committed seven violations, three of which have occurred since he filed the Motion. ECF No. [125-1]. These latter violations, however, involved two infractions for using another inmate's phone account and one for refusing to obey an order. That last incident is not detailed except to note that it occurred in June 2019 and Defendant was given a 30-day razor restriction in response to the incident. *See id.*[3] The Court notes that the disciplinary records submitted for consideration consist of data printouts with no detail regarding the specific circumstances of each disciplinary violation. While the Court is mindful of the Defendant's disciplinary record, it views same with caution given the brief descriptions provided by the Bureau of Prisons, such as "refusing to obey an order" and "assaulting without serious injury."

Based upon the record produced to the Court, the Court believes that Defendant has demonstrated progress and has taken advantage of opportunities presented to him while incarcerated. He is also of an age and in a physical condition where the risk of recidivism is less likely. The Court further notes that Defendant has spent a significant part of his life in prison, and the majority of his disciplinary violations occurred prior to 2010. *See* ECF Nos. [114-1] and [114-2]. With that said, however, his disciplinary record also demonstrates that he is not deterred by the specter of punishments for infractions even while he petitions the Court for a reduced sentence. *See* ECF Nos. [114-1], [114-2], and [125-1].

---

[3] Defendant represents that overall during his imprisonment, he has spent 37 months in disciplinary segregation or solitary confinement, lost 87 months of commissary privileges, lost 92 months of phone privileges, and lost gain time and visitation privileges. ECF No. [108] at 4.

The Government stresses that Defendant's misconduct "in prison is a continuation of his conduct outside prison and overwhelmingly supports the Government's assertion that the continuation of his life imprisonment sentence best ameliorates the danger the defendant poses to society." ECF No. [125] at 16. The Government adds that Defendant has not learned from his past, he is a Career Offender under the Sentencing Guidelines, and that if he "can commit 40 disciplinary violations while in B.O.P. custody but still receive a reduced sentence, the message sent to other incarcerated defendants will be infractions are of no consequence so abidance while appreciated is not required" and that "[p]risoner rebellion will become commonplace." *Id.* The Court does not find the Government's dramatic conclusion to be justified. The Defendant has now served nearly twenty-five years in prison for the offenses of possession with the intent to distribute 88 grams of crack cocaine and possession of a firearm by a convicted felon. Throughout his incarceration, he has participated in many educational classes, course and programs. Those facts must also be considered in order to achieve a result that is consistent with the objectives of the First Step Act of reducing unduly harsh and excessively long drug sentences.

Upon careful consideration, in assessing the 3553(a) factors to achieve a sufficient but not greater than necessary sentence, the Court exercises its discretion and modifies Defendant's sentence to 360 months imprisonment followed by 6 years' supervised release. All other conditions remain as set forth in the Judgment in a Criminal Case, ECF No. [59]. It is the Court's hope that Defendant continue to avail himself of the rehabilitative opportunities presented to him and that he develops a plan to become an exemplary inmate and citizen.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUGED** as follows:

Case No. 95-cr-06116-BLOOM

1. Pursuant to 18 U.S.C. § 3582(c) and section 404 of the First Step Act, Defendant's term of imprisonment is modified to **360 months followed by supervised release of 6 years. All other conditions remain as set forth in the Judgment in a Criminal Case, ECF No. [59];** and

2. The Clerk of Court shall provide copies of this Order to Defendant, his counsel, the United States Attorney's Office, United States Probation, and the United States Bureau of Prisons.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 24, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record